# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DWIGHT HOLLINS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> STEWART TITLE GUARANTY ) <br> COMPANY, ) <br> ) <br> Defendant. ) | Case No. <br><br> Removal from the Circuit Court of Cook County, Illinois <br><br> Case No.: 2021-L-011906 |

## NOTICE OF REMOVAL

Defendant STEWART TITLE GUARANTY COMPANY ("Defendant"), through its undersigned counsel, submits this Notice of Removal of the civil action entitled "*Dwight Hollins v. Stewart Title Guaranty Company*", Case. No. 2021L011906 (the "Litigation"), from the Circuit Court of Cook County, Illinois where it is now pending, to the United States District Court for the Northern District of Illinois, Eastern Division. In accordance with 28 U.S.C. § 1446(a), Defendant provides the following basis supporting removal:

1. This removal, pursuant to 28 U.S.C. § 1441, is based on both federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332.

2. Federal question jurisdiction is established because Plaintiff DWIGHT HOLLINS ("Plaintiff") has alleged violations of federal law in his Complaint.

3. Diversity jurisdiction is established because there is complete diversity of citizenship between Plaintiff and Defendant, and because Plaintiff seeks damages in excess of $75,000.

4. On November 24, 2021, Plaintiff commenced the Litigation by filing his Complaint in the Circuit Court of Cook County, Illinois.

5. On December 22, 2021, Plaintiff served Defendant with a Summons and the Complaint. Defendant has attached copies of the entire state Litigation file to this Notice of Removal as **Exhibit A**.

6. Defendant has filed no pleadings in the above-described action.

7. Pursuant to 28 U.S.C. § 1446, Defendant's removal of the Litigation is timely based upon the date of service of the Summons and Complaint.

8. The Complaint alleges two counts: (Count I) discrimination on the basis of race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Illinois Human Rights Act ("IHRA"); and (Count II) discrimination on the basis of sexual orientation in violation of Title VII and the IHRA. *See generally* **Ex. A**, Compl.

9. The United States District Court for the Northern District of Illinois has federal question jurisdiction over the Litigation. It also has diversity jurisdiction over the Litigation under 28 U.S.C. § 1332, which requires the parties to be citizens of different states and the amount in controversy to exceed $75,000, exclusive of interest and costs.

## FEDERAL QUESTION

10. Where the basis of removal is federal question jurisdiction, the plaintiff's cause of action must "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In order to arise under federal law, a claim must either "plead[ ] a cause of action created by federal law" or be a state law claim "that implicate[s] significant federal issues." *Orbitz, LLC v. Worldspan, L.P.*, 425 F. Supp. 2d 929, 932 (N.D. Ill. 2006) (internal citations omitted).

11. "[R]emoval is proper over any action that could have been filed originally in federal court." *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448 (7th Cir. 2000). If any of the

plaintiff's claims are removable, the entire case may be removed on the basis of supplemental jurisdiction. *Orbitz*, 425 F. Supp. at 931.

12. Although the Complaint includes claims under the IHRA, it also alleges Defendant violated federal law when it allegedly subjected Plaintiff to unlawful employment practices under Title VII. *See generally* **Ex. A**, Compl.

### DIVERSITY OF CITIZENSHIP

13. Plaintiff alleges he is a private citizen, residing in the State of Florida. *Id*., ¶ 1.

14. Plaintiff alleges Defendant "is a Texas corporation that operated as a title company and conducted its business operations in Chicago, Cook, [sic] County Illinois… ." *Id*., ¶ 2.

15. Because the parties are not citizens of the same state, there is complete diversity among the named parties under 28 U.S.C. § 1441(b)(1).

### AMOUNT IN CONTROVERSY

16. Courts consider compensatory and punitive damages when determining whether the amount in controversy exceeds $75,000. *Epstein v. Target Corp.*, No. 06 C 7025, 2007 WL 551552, at *3 (N.D. Ill. 2007); *see also Sharp Elec. Corp. v. Copy Plus, Inc.*, 939 F.2d 513, 515 (7th Cir. 1991) (considering punitive damages when determining the amount in controversy); *McCoy v. Gen. Motors Corp.,* 226 F. Supp. 939, 941 (N.D. Ill. 2002) (considering lost wages and emotional distress to determine whether the jurisdictional amount is met).

17. According to Plaintiff's Complaint, Plaintiff alleges that he was an employee of Defendant and that Defendant violated Title VII and the IHRA when it terminated his employment on May 5, 2020. *See* **Ex. A**, Compl., ¶¶4, 12-13. Plaintiff is seeking "front pay, back pay, exemplary damages, payment of his court costs including reasonable attorneys [sic]

fees, and out of pocket expenses. *Id*., ¶15. Plaintiff has quantified these damages to "exceed $50,000." *Id*., prayer for relief.

18. When each element of damages is added to Plaintiff's claim for punitive damages and attorneys' fees and costs, the jurisdictional limit of $75,000 is implicated.

## RESERVATION OF RIGHTS

19. Defendant's filing of this Notice of Removal is not intended, nor should be construed, as any type of express or implied admission by Defendant of any fact, of the validity or merits of any of Plaintiff's claims and allegations, or of any liability for the same, all of which is/are hereby expressly denied, or as any type of express or implied waiver or limitation of any of Plaintiff's rights, claims, remedies, and defenses in connection with this action, all of which are hereby expressly reserved.

## CONCLUSION

20. Defendant's timely removes this case to federal court pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446 because Plaintiff has alleged violations of federal law, there is complete diversity between Plaintiff and Defendant, and the amount in controversy exceeds $75,000.

21. Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly give written notice of the filing of the Notice of Removal to Plaintiff, and will file a copy of this Notice with the Clerk of the Circuit Court of Cook County, Illinois.

**WHEREFORE**, Defendant STEWART TITLE GUARANTY COMPANY respectfully requests that the Litigation be removed from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division.

Dated:  January 24, 2022                                     Respectfully submitted,


                                            By:  /s/ Jennifer L. Colvin
                                                  One of the Attorneys for Defendant,
                                                  **STEWART TITLE GUARANTY COMPANY**

Jennifer L. Colvin (ARDC No. 6274731)
**OGLETREE, DEAKINS, NASH,**
  **SMOAK & STEWART, P.C.**
155 North Wacker Drive, Suite 4300
Chicago, Illinois 60606
Telephone:   312.558.1220
*jennifer.colvin@ogletree.com*

## **CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on January 24, 2022, she caused the foregoing *Notice of Removal* to be served by electronic mail and first class U.S. Mail, postage prepaid, upon the following:

>Troy C. Owens
>**OWENS LAW LLC**
>9 Crystal Lake Road, Suite 240
>Lake in the Hills, Illinois 60156
>*troy@oltrials.com*

The undersigned attorney certifies that on January 24, 2022, she caused a copy of the foregoing *Notice of Removal* to be filed electronically with the Office of the Clerk of the Circuit Court for Cook County, Illinois.

>/s/ Jennifer L. Colvin
>One of the Attorneys for Defendant
>**STEWART TITLE GUARANTY COMPANY**